Christoper R. Belmonte (cbelmonte@ssbb.com)
Walter A. Saurack (wsaurack@ssbb.com)
Satterlee Stephens Burke & Burke LLP
33 Wood Avenue South
Suite 600
Iselin, New Jersey  08830
Tel: (732) 603-4966
Fax: (732) 603-4977

*Attorneys for Defendants J.P. Morgan Chase & Co.
and J.P. Morgan Chase Bank, NA, successor-in-interest
to J.P. Morgan Trust Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHURCH TOWERS URBAN RENEWAL CORPORATION, a New Jersey Non-Profit Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HOLCO CAPITAL GROUP, INC. (for discovery purposes only); HC MORTGAGE COMPANY, INC.; KEVIN C. HORTON, INDIVIDUALLY; BANK OF NEW YORK MELLON CORP. (successor-in-interest to THE COUNTY TRUST COMPANY and BANK OF NEW YORK); GOVERNMENT NATIONAL MORTGAGE ASSOCATION d/b/a GINNIE MAE, FEDERAL NATIONAL MORTGAGE ASSOCATION d/b/a FANNIE MAE; WELLS FARGO BANK, PNC FINANCIAL SERVICES GROUP, INC. (successor-in-interest to RIGGS NATIONAL BANK OF WASHINGTON D.C.); J.P. MORGAN CHASE & CO. (successor-in-interest to NATIONAL BANK OF DETROIT, NBD BANK, FIRST NATIONAL BANK OF CHICAGO and BANK ONE); J.P. MORGAN TRUST COMPANY; WELLS FARGO BANK N.A.; S.L. FINANCIAL; S.L. FINANCIAL OF ILLINOIS, LLC; LIBERTYVILLE BANK & TRUST CO.; H.S.L. FINANCIAL; JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE ASSOCIATIONS 1-5; and DOE GOVERNMENTAL UNITS 1-5,<br><br>Defendants. | Civil Action No. 2:10-cv-00638-PGS-ES<br><br>Honorable Peter G. Sheridan, U.S.D.J.<br><br>**DEFENDANTS J.P. MORGAN CHASE & CO. AND J.P. MORGAN CHASE BANK, NA'S ANSWER TO AMENDED COMPLAINT** |

Defendants J.P. Morgan Chase & Co. ("J.P. Morgan") and JPMorgan Chase Bank, NA successor in interest to J.P. Morgan Trust Company ("JPMC Bank")(collectively "JPMC") by way of their Answer to the Amended Complaint and Jury Demand (the "Amended Complaint") of Plaintiff Church Towers Urban Renewal Corporation, allege as follows:

## AS TO THE PARTIES

1. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 1 through 11 of the Amended Complaint, inclusive.

2. JPMC denies each and every allegation contained in Paragraph 12 of the Amended Complaint.

3. JPMC denies each and every allegation contained in Paragraph 13 of the Amended Complaint.

4. JPMC denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 through 19 of the Amended Complaint, inclusive.

## AS TO JURISDICTION OF THE COURT

5. JPMC does not respond to the allegations set forth within Paragraphs 20 and 21 of the Amended Complaint as they set forth legal conclusions as to which no response is required, denies that the amount in controversy exceeds $75,000, exclusive of interest and costs, and denies that J.P. Morgan and JPMC Bank are New York corporations.

803685_2

## AS TO VENUE

6. JPMC does not respond to the allegations set forth within Paragraphs 22 and 23 of the Amended Complaint as they set forth legal conclusions as to which no response is required.

## AS TO RELEVANT FACTS

7. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 24 and 25 of the Amended Complaint.

8. JPMC does not respond to the allegations set forth within Paragraph 26 of the Amended Complaint as they set forth a legal conclusion to which no response is required.

9. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 27 through 30 of the Amended Complaint, inclusive, except respectfully refer the Court to the referenced documents for a true and accurate version thereof.

10. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

11. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 32 and 33 of the Amended Complaint, except respectfully refers the Court to the referenced documents for a true and accurate version thereof.

12. JPMC denies each and every allegation contained in Paragraph 34 of the Amended Complaint, except denies having knowledge or information sufficient to form a belief as the truth of the allegations that "Riggs National Bank did not account to Plaintiff at that time as to the manner in which it handled the replacement reserve or residual reserve account or its disposition upon assignment of the mortgage."

803685_2

13. JPMC admits the allegations that in Paragraph 35 of the Amended Complaint that "on June 20, 2005, defendant J.P. Morgan Trust Company N.A., successor-in-interest to the National Bank of Detroit, assigned the Note and Mortgage to Defendant Wells Fargo Bank, N.A., Trustee for the benefit of Holco Capital Group, Inc.", and denies the allegations that "the National Bank of Detroit did not account to Plaintiff at that time as to the manner in which it handled the replacement serve or residual reserve account or its disposition upon assignment of the mortgage."

14. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 36 through 38 of the Amended Complaint, inclusive.

15. JPMC denies the allegations directed against it in Paragraph 39 of the Amended Complaint, and denies having knowledge or information sufficient to form a belief as the truth of the allegations against the other defendants in Paragraph 39 of the Amended Complaint.

16. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 40 through 42 of the Amended Complaint, inclusive.

17. JPMC denies the allegations directed against it in Paragraphs 43 through 47 of the Amended Complaint, inclusive, and denies having knowledge or information sufficient to form a belief as the truth of the allegations against the other defendants in Paragraphs 43 through 47 of the Amended Complaint, inclusive.

18. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 48 through 56 of the Amended Complaint, inclusive.

803685_2

## AS TO COUNT I (RETURN OF STOLEN FUNDS)

19. In response to paragraph 57 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 56 of the Amended Complaint as if fully set forth herein.

20. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 58 of the Amended Complaint.

21. The allegations in Paragraphs 59 and 60 of the Amended Complaint are legal conclusions as to which no response is required.

22. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

## AS TO COUNT II (ACCOUNTING)

23. In response to Paragraph 62 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in paragraphs 1 through 61 of the Amended Complaint as if fully set forth herein.

24. JPMC denies the allegations that are directed against it in Paragraphs 63 through 66 of the Amended Complaint, inclusive, and denies having knowledge or information sufficient to form a belief as the truth of the allegations against the other defendants in Paragraphs 63 through 66 of the Amended Complaint, inclusive.

## AS TO COUNT III (NEGLIGENCE)

25. In response to Paragraph 67 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 66 of the Amended Complaint as if fully set forth herein.

26. JPMC denies the allegations that are directed against it in Paragraphs 68 through 72 of the Amended Complaint, inclusive, and denies having knowledge or information

sufficient to form a belief as the truth of the allegations against the other defendants in Paragraphs 68 through 72, inclusive, of the Amended Complaint.

## AS TO COUNT IV (CONVERSION)

27. In response to Paragraph 73 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 72 of the Amended Complaint as if fully set forth herein.

28. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 74 through 77 of the Amended Complaint, inclusive.

## AS TO COUNT V (FRAUD)

29. In response to Paragraph 78 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 77 of the Amended Complaint as if fully set forth herein.

30. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 79 through 83 of the Amended Complaint, inclusive.

## AS TO COUNT VI (BREACH OF FIDUCIARY DUTY)

31. In response to Paragraph 84 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 83 of the Amended Complaint as if fully set forth herein.

32. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 85 through 87 of the Amended Complaint, inclusive.

## AS TO COUNT VII (FEDERAL R.I.C.O. VIOLATIONS 18 U.S.C. § 1961 et seq.)

33. In response to Paragraph 88 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully set forth herein.

34. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 89 through 95 of the Amended Complaint, inclusive.

35. JPMC denies the allegations that are directed against it in Paragraphs 96 and 97 of the Amended Complaint and denies having knowledge or information sufficient to form a belief as the truth of the allegations against the other defendants in Paragraphs 96 and 97 of the Amended Complaint.

36. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 98 through 100 of the Amended Complaint, inclusive.

## AS TO COUNT VIII (NEW JERSEY R.I.C.O. VIOLATIONS – N.J.S.A. 2C:41-4)

37. In response to Paragraph 101 the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 100 of the Amended Complaint as if fully set forth herein.

38. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 102 through 108 of the Amended Complaint, inclusive.

39. JPMC denies the allegations that are directed against it in Paragraphs 109 and 110 of the Amended Complaint and denies having knowledge or information sufficient to

803685_2

form a belief as the truth of the allegations against the other defendants in Paragraphs 109 and 110 of the Amended Complaint.

40. JPMC denies having knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraphs 111 through 113 of the Amended Complaint, inclusive.

### AS TO COUNT IX (MALICIOUS, WANTON AND INTENTIONAL ACTS)

41. In response to Paragraph 114 of the Amended Complaint, JPMC repeats and makes a part hereof its responses to the allegations contained in Paragraphs 1 through 113 of the Amended Complaint as if fully set forth herein.

42. JPMC denies the allegations that are directed against it in Paragraphs 115 through 117 of the Amended Complaint, inclusive, and denies having knowledge or information sufficient to form a belief as the truth of the allegations against the other defendants in Paragraphs 115 and 117 of the Amended Complaint, inclusive.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against JPMC upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The causes of action in the Amended Complaint are barred, in whole or in part, by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The causes of action in the Amended Complaint are barred by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The causes of action in the Complaint are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Alleged monthly statements reflecting the activity in plaintiff Church Towers' alleged account with JPMC or its alleged predecessors-in-interest, assuming <u>arguendo</u> any such account existed, constituted an account stated and bar its belated objection to any activity in that account.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff Church Towers did not suffer any losses proximately caused by or attributable to JPMC's conduct.

## SEVENTH AFFIRMATIVE DEFENSE

The causes of action in the Complaint are barred by the negligence, breach of contractual obligations and/or culpable conduct of plaintiff and/or other parties over whom JPMC had no control and which directly contributed and proximately caused any loss that plaintiff claims to have sustained.

## EIGHTH AFFIRMATIVE DEFENSE

JPMC can have no <u>respondeat superior</u> liability because plaintiff fails to allege any wrongdoing by HC, HOLCO or Horton that occurred during the time JPMC or its alleged predecessors-in-interest allegedly maintained any accounts for plaintiff Church Towers.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's accounting claim is barred because JPMC did not receive any money from plaintiff Church Towers and, thus, had no contractual or common law duty to account to Church Towers.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of negligence and breach of fiduciary duty are barred because the relationship between plaintiff Church Towers and JPMC and its alleged predecessors, if any, was contractual and JPMC and its alleged predecessors did not owe any duties outside of that contractual relationship.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for conversion is barred because the property allegedly converted is money in an account which is sufficiently identifiable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of fiduciary duty claim is barred because the relationship between plaintiff Church Towers and J.P. Morgan and/or its alleged predecessors did not give rise to any fiduciary duties on the part of J.P. Morgan and/or its alleged predecessors.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's federal and state RICO claims are barred because defendants Holco capital Group, Inc., HC Mortgage Company, Inc. and Kevin C. Horton, to the extent they engaged in conduct described in these Counts, acted outside of the scope of their agency or relationship and/or at a time when JPMC no longer involved with the subject accounts, mortgage or note.

803685_2

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead its fraud and RICO claims against JPMC with sufficient particularity.

WHEREFORE defendants J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, NA, successor-in-interest to J.P. Morgan Trust Company, demand judgment against plaintiff Church Towers Urban Renewal Corporation as follows:

1) That the Amended Complaint in the above entitled action be dismissed in its entirety;

2) That defendants J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, NA, successor-in-interest to J.P. Morgan Trust Company, be awarded reasonable attorneys' fees incurred in this action together with costs, plus interest;

3) That this Court award such further and other relief as it may deem just and proper.

Dated: Iselin, New Jersey
       May 13, 2010

SATTERLEE STEPHENS BURKE & BURKE LLP
Attorneys for Defendants J.P. Morgan Chase & Co.
and J.P. Morgan Chase Bank, NA, successor-in-interest to
J.P. Morgan Trust Company

By: _____
     Christopher R. Belmonte

11

803685_2

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not, to the best of my knowledge, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: Iselin, New Jersey
       May 13, 2010

SATTERLEE STEPHENS BURKE & BURKE LLP
Attorneys for Defendants J.P. Morgan Chase & Co.
and J.P. Morgan Chase Bank, NA, successor-in-interest to
J.P. Morgan Trust Company

By: _____
      Christopher R. Belmonte

803685_2