UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHURCH TOWERS URBAN RENEWAL CORPORATION, a New Jersey Non-Profit Corporation, | : : : | Civil Action No. 10-638 |
| Plaintiff, | : : | |
| v. | : : | **ORDER** |
| HOLCO CAPITAL CORP., et al., | : : | |
| Defendant. | : | |

This matter having been brought before the Court by Mark M. Tallmadge, Esq., attorney for Wells Fargo Bank and Wells Fargo Bank, N.A., on application for an Order allowing Timothy J. Abeska, Esq., to appear and participate <u>pro hac vice</u>; and the Court having considered the moving papers; and this matter being considered pursuant to FED.R.CIV.P. 78, and for good cause shown;

IT IS on this <u>6th</u> day of <u>October</u>, 2010,

ORDERED that Timothy J. Abeska, Esq., a member of the Bar of the States of Indiana and Michigan, be permitted to appear <u>pro hac vice</u> in the above-captioned matter pursuant to L.CIV.R. 101.1(c); and it is further

ORDERED that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Bressler, Amery & Ross, P.C., attorneys of record for Wells Fargo Bank and Wells Fargo Bank, N.A. who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

ORDERED that Timothy J. Abeska, Esq., shall pay the annual fee to the New Jersey

Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this order; and it is further

ORDERED that Timothy J. Abeska, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

ORDERED that Timothy J. Abeska, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, Judicial Ethics and Professional Responsibility, and L.Civ.R. 104.1, Discipline of Attorneys; and it is further

ORDERED that Timothy J. Abeska, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

 /s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**